UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

FILED

OCT 1 2 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.  14 CR 384-1

AUBREY BURKS  Hon. Ronald Guzman

DEFENDANT'S OBJECTION TO PRESENTENCE

REPORT AND MEMORANDUM IN SUPPORT

Defendant Aubrey Burks ("Defendant") states his following objections to the Presentence Report and requests a hearing, prior to sentencing, on the instant matter.

INTRODUCTION

Following his plea of guilty and prior to sentencing, the Defendant seeks correction of certain portions of his presentence investigation report pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, as amended in August 1983. Specifically, it will be argued that Rule 32(c)(3)(D) requires the correction of erroneous information in a federal offender's presentence report. The Presentence Report assertions based on information provided by the Government, that were unknowingly and involuntarily accepted by the Defendant, in the September 14, 2014 plea Agreement. Failure to correct such information may result in a serious disability regarding his ultimate sentence by this Honorable

Court.

I. GOVERNMENT AND PRESENTENCE REPORT

(i) Plea Agreement 10(b)(i) Count One, pursuant to Guideline Section 2K2.1(a)(4)(B), the base offense level is 20 (presentence report paragraph 41 states the level at 22).

(ii) Pursuant to 2K2.1(b)(1)(C), the offense level is increased by 6 levels because the offense involved between 25 and 99 firearms (presentence report paragraph 42).

(iii) Pursuant to 2K2.1(b)(4)(A), the offense level is increased by 2 because the offense involved a stolen firearm (presentence report paragraph 43).

(iv) Pursuant to 2K2.1(b)(5), the offense level is increased by 4 because defendant engaged in the trafficking of firearms (presentence report paragraph 44).

(v) Pursuant to 2K2.1(b)(6)(B), the offense level is increased by 4 because defendant possessed the firearm in connection with another felony offense, namely, the distribution of heroin as charged in Court Two of the superseding indictment (presentence report paragraph 45).

(vi) Pursuant to 3B1.1(b), the offense level is increased by 3 because defendant was a manager or supervisor and the criminal activity involved 5 or more participants (presentence report paragraph 49).

(vii) The total offense level for Count One is 39 (presentence report paragraph 51 states the adjusted offense level as 40).

(viii) Count Two: pursuant to Guideline 2D1.1(c)(6),

the base offense level is 26, because the offense involved more than 400 grams of heroin (presentence report paragraph 52).

(ix)  Pursuant to 2D1.1(b)(1), the offense level is increased by 2 because a dangerous weapon was possessed by the defendant (presentence report paragraph 53).

(x)  Pursuant to 2D1.1(b)(12), the offense level is increased by 2 because the defendant maintained a premises for the purposes of manufacturing and distribution of a controlled substance, namely Individual G's residence in Marion, Ohio (presentence report paragraph 54).

(xi)  Pursuant to 3B1.1(b), the offense level is increased by 3 because the Defendant was a manager or supervisor and the criminal activity involved three or more participants (presentence report paragraph 56).

(xii)  The total Count Two offense level is 33 (presentence report paragraph 58).

I.  DEFENDANT OFFENSE LEVEL COMPUTATION

Pursuant to USSG Section 2k2.1(b)(1)(E), the Probation Department concludes that Count One involved 25 to 99 firearms thereby resulting in an increase of six levels. In Defendant's Plea Agreement, he erroneously and unwillingly agreed to being involved with 25 to 99 firearms. However, each of Defendant's codefendants pled to an involvement in 8 to 24 firearms.

Over 25 firearms were allegedly stolen from various sources in Marion, Ohio, some of which Burks knew had been

-3-

stolen, the uncontroverted evidence is that less than 25 firearms were ultimately "dealt" by Burks and his codefendants. Therefore, the offense level enhancement based on the number of firearms should be applied the same to Burks as was given to his codefendants. Defendant should be enhanced 4 levels for the amount of firearms, not 6 levels. Moreover, this enhancement is inconsistent with the Presentence Report and Plea Agreement of the other codefendants. It is inconsistent to include offense characteristics for the purpose of increasing the Defendant's level in paragraph 10(b)(ii).

The Defendant's Plea Agreement states 25 to 99 firearms and this is an error. Defendant respectfully requests that the Court impose a sentence that reflects the actual number of firearms dealt by Defendant for purposes of determining the Defendant's sentence as to Count One. An offense level calculation based upon 8 to 24 firearms would, pursuant to Section 2k2.1(a) and (b)(1), result in an enhancement of 4 levels, rather than the 6 levels as calculated in both the Plea Agreement and Presentence Report.

Application Note 12 which applies to Section 2k2.1(b)(4), also provides that the adjustment --enhanced level--is not to be applied unless the offense level takes into account that the firearm or ammunition was stolen.

III. OFFENSE LEVEL COMPUTATION

PARAGRAPH 43 &44 45 PRESENTENCE REPORT

PARAGRAPH 10(b)iii, iv, v PLEA AGREEMENT

-4-

The Probation Department concludes in its Presentence Report that a 4-level increase appropriate, pursuant to guideline 2k2.1(b)(5), Application Note 13. Application Note 12, which applies to adjustments under 2k2.1(b)(4) provides:

"If the only offense to which 2k2.1 applies is 18 U.S.C. Section 922 (i)(j) or (u), 18 U.S.C. Section 924 (j) or (k), or 26 U.S.C. Section 5861 (a) or (h)(offenses involving a stolen firearm or ammunition and the base offense leel is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4), unless the offense involved a firearm with an altered or obliterated serial number. This is because the base offense level takes into account that the firearm or ammunition was stolen."

These proposed increases:
- 2-levels pursuant to 2K2.1(b)(4)(A), involving a stolen firearm;
- the 4-level increase pursuant to 2K2.1(b)(5) for trafficking in firearms;
- the 4-level increase pursuant to 2K2.1(b)(6)(B) because the defendant possessed the firearm in connection with another felony offense;

Again, Application Note 12, which applies to these adjustments controls. The proposed increases ignore specific offense characteristics and relevant conduct. In Count One, the Defendant was specifically charged with possession of stolen firearms and trafficking in stolen firearms. These acts were used to determine the Defendant's base offense level in both the Plea Agreement and Presentence Report. It is

respectfully submitted that it is contrary to the Sentencing Guidelines and violative of the Defendant's due process rights to utilize certain offense characteristics, e.g. the amount of firearms the Defendant allegedly knew were stolen, for the purpose of increasing the Defendant's offense level in paragraphs 43, 44, and 45 of he Presentence Report and 10b (iii), (iv), and (v) of the Plea Agreement. This ignores the same offense characteristics for the purpose of further increasing the Defendant's sentence.

The Government having charged the Defendant in Count One with receiving, possessing, and selling firearms he knew were stolen, and without a license, should be foreclosed from recommending a sentence that ignores these charges for one purpose and includes them for another purpose. The Government and Probation Department position is intended to unfairly and improperly manipulate the Guidelines to maximize the Defendant's sentence in a manner the Sentencing Commission explicitly sought to prevent.

Both the Government and Probation Department are "double counting," and the Defendant should not be penalized twice for the same conduct. This is the same as charging a defendant for arson and then enhancing his sentence because he used fire to commit the arson. Susection 2K2.1(b)(4) specifically refers to 18 U.S.C. 922(j)(possession of stolen firearms), the offense with which the Defendant was charged in Count One. This exclusionary language is included to prevent the defendant being penalized twice for the same conduct. The provision at issue have created an express exception where the defendant may also have been involved or knew of the

underlying theft of the firearms. The Commission explicitly indicated its intention that in these circumstances there be no "double counting."

Moreover, the word "offense," as applied in Application Note 12, does not relate solely to Count One of the indictment. The word "offense" as defined by the Guidelines 1B1.1, Application Note 1(L): "means the offense of conviction and all relevant conduct under 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the content. The word "instant" is used in connection with "offense," "federal offense<" or "offense of conviction," as the case may be, to distinguish the violation for which the defendant is being sentenced from a prior or subsequent offense, or from an offense before another count (e.g., an offense before a state court involving the same underlying conduct)."

The Application Notes to 2K2.1 specify no different definition of "offense" and, therefore, it must be construed in Application Note 12 to include all relevant conduct. The Report itself does not distinguish between offense and relevant conduct but rather includes all conduct in paragraphs 43,44, and 45 of the Presentence Report and 10b (iii), (iv), and (v) of the Plea Agreement.

Lastly, the Government by seeking the enhancements, clearly is attempting to defy an express purpose of the Guidelines. The Government, by arguing for these enhancements, is attempting to negate the Plea Agreement portion that calls for a three-level reduction for acceptance of responsibility. It is clear that the Government and the

Probation Department are seeking to inappropriately manipulate the Guidelines. Charging an individual, then accepting his plea to those same offenses, for the purpose of obtaining an enhanced sentence is the type of reprehensible conduct the Guidelines itself criticize. See, U.S.S.G. Chapter One.

The Defendant asks this court to accept the following calculations for Count One:

| | |
|---|---|
| Base Offense Level: | 20 |
| Defendant Possessed Stolen Firearms - 8-24 firearms | +4 |
| Manager Supervisor | +3 |
| Offense Level-Count One | 27 |
| Acceptance of Responsibility | -2 |
| Timely Plea | -1 |
| Adjusted Offense Level | 24 |

V. Count Two: Conspiracy to Possess With Intent to Distribute a Controlled Substance

The Defendant, from the inception of this case, has accepted and continues to accept responsibility for those acts he committed and which accurately reflect his level of involvement in this drug conspiracy. Specifically, the Defendant acknowledges he distributed between 400 grams of heroin but less than 700 grams of heroin. However, he does not acknowledge that he:

(1) possessed a firearm in order to protect himself, his drugs and his profits pursuant to U.S.S.G. 2D1.1(b)(1). The Defendant's involvement with firearms was the unlawful receipt, possession, or transportation of firearms as charged

-8-

in Count One of the indictment, not for use pursuant to 2D1.1(b)(1). Therefore, this 2-level adjustment must be deducted from the Plea Agreement and Probation Report.

(2) The Defendant did not maintain a premises for the purpose of manufacturing and distribution of a controlled substance. Defendant did not rent, own or control a premises for this purpose. Nor did he rent or control the premises that the Government accuses him of using as his "drug house." Therefore, this 2-level enhancement must be deducted from the Plea Agreement and Probation Report.

(3) The Defendant accepts his role as leader, supervisor.

The Defendant asks the Court to adopt the following calculations for Count Two.

| | |
|---|---|
| Base Offense Level | 26 |
| 21 U.S.C. Section 846 | |
| Adjustment for Leader/Supervisor | 3 |
| Offense Level- Count Two | 29 |
| Acceptance of Responsibility | -2 |
| Timely Plea | -1 |
| Total Offense Level-Count Two | 26 |

V. CRIMINAL HISTORY COMPUTATION

The Defendant accepted responsibility and signed a plea agreement based upon the Government's calculating that the Defendant's criminal history was a Category II. It states in the Plea Agreement that his Criminal History is a Category II. Therefore, the Probation Department's higher calculation must

be rejected by this Court.

Also, the Probation Department, in an effort to prejudice this Court against the Defendant, has submitted a Victim Impact Statement concerning the death of Jerry Bramer, Mr. Bramer tragically died of a heroin overdose. But, the Defendant was incarcerated before Mr. Bramer died. The Defendant accepts responsibility for his actions but Mr. Bramer's tragic death was not due to Aubrey Burks' actions, but to the deceased's unfortunate drug addiction.

Based upon the foregoing arguments and authorities, this Honorable Court is respectfully urged to impose a sentence in this case which reflects the Defendant's Guideline calculations.

Respectfully submitted,

Aubrey Burks, Defendant
#72422-061

Aubrey Bucks, #72422-061
Metropolitan Correctional Center
71 West Van Buren St.
Chicago, IL 60605



Office of the Clerk
U.S. Courthouse
219 S. Dearborn Street
Chicago, IL 60604



2018 OCT 12 AM 9:08
CLERK
U.S. DISTRICT COURT

10/12/2018-30

Legal Mail
Prisoner Correspondence

METROPOLITAN CORRECTIONAL CENTER

71 W. VAN BUREN STREET
CHICAGO, IL 60605

he enclosed letter was processed through special mailing procedures for forwarding to you. This
ter has neither been opened nor inspected. If the writer raises a question or problem over which this
cility has jurisdiction, you may wish to return the materiel for further information or clarification. If
e writer encloses correspondence for forwarding to another addressee, please return the enclosure to
e above address.

Date: 10-09-2018